968 P.2d 212

STATE of Idaho, Plaintiff–Respondent,

v.

Michael E. HOSEY, Defendant–Appellant.

No. 23665.

Supreme Court of Idaho,
Boise, February 1988 Term.

Aug. 13, 1998.

Edwin Wagner, Idaho Falls, argued for appellant.

Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

## SUBSTITUTE OPINION

### THE COURT'S PRIOR OPINION DATED APRIL 24, 1998, IS HEREBY WITHDRAWN.

WALTERS, Justice.

### NATURE OF THE CASE

Michael E. Hosey appeals from the judgment of conviction entered following his conditional plea of guilty to trafficking in methamphetamine. On appeal, Hosey challenges the district court's denial of his motion to suppress. We set aside the order denying the suppression motion and remand the case to the district court for further proceedings.

### FACTS AND PROCEDURAL BACKGROUND

On July 12, 1995, a confidential informer informed the Bonneville County Sheriff's Office that two vehicles were returning from the Jackson Hole, Wyoming, area with a

"load of methamphetamine." The informer stated that one of the vehicles would be a white Mercury Cougar with Idaho license plate number 8/B 65765, which would be driven by Michael Hosey, accompanied by a female passenger.

Thereafter, sheriff's deputies spotted Hosey with a female companion in a white Mercury Cougar, with the described license plate, on Highway 26, west of Swan Valley, Idaho. After following Hosey for several miles, Deputy Southwick stopped Hosey for a possible DUI when Hosey was observed crossing the centerline of the highway on three separate occasions. Following the traffic stop, Hosey and his passenger were removed from the vehicle and placed in handcuffs. Sergeant McCandless asked Hosey for consent to search the vehicle. Hosey denied permission to search the car. Hosey submitted to a horizontal gaze nystagmus test, which he passed, and he and his companion were placed in the back of the patrol unit.

The officers then proceeded to search Hosey's vehicle. During the search the officers found 74.6 grams of methamphetamine, 15.1 grams of marijuana, 5.6 grams of hallucinogenic mushroom, and a variety of drug paraphernalia. Hosey was charged with trafficking in methamphetamine, in violation of Idaho Code § 37-2732B(a)(3)(A).

Hosey filed a motion to suppress the evidence, which was denied by the district court after an evidentiary hearing. The district court held that there was probable cause for the officers to stop Hosey and to search his automobile without a warrant, given the information provided to the officers by the confidential informer which was then corroborated by the officers' personal observations when they found Hosey driving the described vehicle erratically on Highway 26. Hosey entered a conditional plea of guilty to the trafficking charge, reserving his right to challenge, on appeal, the district court's suppression ruling.

## ISSUE

On appeal, Hosey raises a number of issues relating to (a) the probable cause for his arrest and the search of his automobile; (b) the sufficiency of evidence at his preliminary hearing before a magistrate to bind him over to district court; (c) the suppression hearing in the district court; and (d) whether he was denied the right to effective assistance of counsel in the proceedings below. Upon consideration of the issues submitted by Hosey, we conclude that only one question needs to be addressed. It is whether, at the suppression hearing, the district court erred in not holding an *in camera* proceeding under Idaho Rule of Evidence 509 to determine the reliability of the informer who allegedly had provided the police with probable cause to search Hosey's vehicle. Because this issue is determinative of the appeal, we need not address Hosey's remaining issues.

## ANALYSIS

During the suppression hearing, Hosey requested an *in camera* examination under Rule 509 of the Idaho Rules of Evidence, to determine the reliability of the confidential informer used to support the police officers' claim that they had probable cause to search Hosey's vehicle. Hosey's counsel disclosed that Hosey had been stopped "some 11 times by the officers within a period of six weeks prior to this incident that causes me to question the reliability of the confidential informant." The prosecutor resisted Hosey's request, advising the court that the state did not intend to produce the confidential informer. In response to an inquiry from the court, the prosecutor acknowledged that the state was claiming a privilege. The prosecutor stated: "I [do not] see what the confidential inform[er] supplying information in this particular case, under the facts and circumstances of this stop, have to do with any other stops without any evidence by the defense that the same confidential inform[er] supplied information that was unreliable." The prosecutor did not explain how he expected the defense to make that showing in the absence of a disclosure by the state of the confidential informant's identity. Concerned about the disclosure of the informer's identity, the district court indicated its agreement that an *in camera* determination should be held to protect the informer's privilege. However, the district court failed to

follow through with such a hearing. The district court instead decided that the Rule 509 determination was not relevant to the suppression hearing, but concluded that the disclosure of the informer's identity could ultimately become necessary at the trial. The district court suggested that if Hosey wanted to "continue" his motion under I.R.E. 509, the court would follow the procedures set forth in the rule and require the State to produce applicable affidavits.

Hosey submits that the district court's failure to hold a Rule 509 hearing constituted error that undermined the court's decision to deny Hosey's suppression motion. We agree.

Idaho Rule of Evidence 509 is applicable to a suppression hearing if the confidential informer's testimony is relevant to the issues raised or is essential to a fair determination of the cause. Just as in the case where a confidential informer's reliability may be called into question on a suppression motion with respect to probable cause for the issuance of a warrant for a search, the informer's reliability should be subject to question where the search occurs without a warrant but purportedly is justified by the existence of probable cause founded on the informer's report. It follows that the district court below should have adhered to the procedures required pursuant to I.R.E. 509 when the reliability of the informer was challenged at Hosey's suppression hearing.

 It is well settled that an informer's identity need not always be disclosed in a criminal trial nor in a preliminary proceeding to determine probable cause for an arrest or a search. *McCray v. Illinois,* 386 U.S. 300, 312, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967). The nondisclosure policy exists to preserve anonymity and to encourage citizens to communicate their knowledge of crime to law enforcement officials. *Roviaro v. United States,* 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *State v. Fairchild,* 121

Idaho 960, 965, 829 P.2d 550, 555 (Ct.App. 1992). However, the extent of informer privilege is not absolute and must give way "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused, or is essential to a fair determination of cause." *Roviaro,* 353 U.S. at 60–61, 77 S.Ct. 623. The decision to require disclosure of the confidential informer's identity is left to the discretion of the trial court. *Id.* at 56, 77 S.Ct. 623. To determine the extent of the informer privilege, the trial court must conduct an *in camera* examination of the evidence pursuant to I.R.E. 509. Idaho Rule of Evidence 509(c)(3) provides that in a criminal trial where the State invokes the privilege, if it appears "that an informer may be able to give testimony relevant to any issue in a criminal case ... the court shall give the public entity the opportunity to show in camera facts relevant to determining whether the informer, can, in fact, supply that testimony."[1]

 The *in camera* hearing provides the trial court with an opportunity to determine the nature and extent of the benefit to the defendant from disclosure of a confidential informer's identity; it is desirable and proper to hold such a hearing before ordering or denying disclosure. *State v. Petrina,* 73 Wash.App. 779, 871 P.2d 637, 642 (Wash. App.1994). The decision whether to hold an *in camera* hearing is discretionary and shall not be disturbed on appeal absent a clear showing of abuse. *State v. Vazquez,* 66 Wash.App. 573, 832 P.2d 883, 887 (Wash.App. 1992). The subsequent decision whether to require disclosure of the identity of the confidential informer is also left to the discretion of the trial court. *State v. Davila,* 127 Idaho 888, 893, 908 P.2d 581, 586 (Ct.App.1995).

 This is not to say that the district court would have ultimately determined, within its discretion, that the disclosure of the informer's identity was unnecessary in this case. *See State v. Kopsa,* 126 Idaho 512,

---

**1.** The district court quoted this portion of the rule, in response to the prosecutor's remark that he did not intend to produce the confidential informer, and advised Hosey's counsel, "If you want to continue your motion [to produce the informer], what I'll do is follow that procedure under Rule 509, the State will have to produce the affidavits that are applicable under 509, subpart (c)(3). Then we will have the *in camera* proceeding and then I'll make a ruling." As noted earlier, however, the *in camera* hearing was never held.

**120**

518, 887 P.2d 57, 63 (Ct.App.1994) (holding that the disclosure of the informer's identity was not necessary following an *in camera* hearing). Although the informer's identity need not always be disclosed, I.R.E. 509 exists for the purpose of determining whether the informer privilege exists. Therefore, following Hosey's request for an *in camera* determination, pursuant to I.R.E. 509, the district court should have held an *in camera* hearing on the question of disclosure of the informer's identity, allowing Hosey to explore the relevant issue of the reliability of the informer as it related to the probable cause relied upon by the sheriff's deputies to justify their search of Hosey's car. The district court's failure to follow the procedures of I.R.E. 509 during the hearing on Hosey's suppression motion clearly impaired Hosey's attempt to show that the officers lacked probable cause to search his vehicle without a warrant.

### CONCLUSION

The district court failed to exercise proper discretion when it did not follow the procedures contained in I.R.E. 509. After Hosey's request for an *in camera* determination, the district court should have held an *in camera* hearing on the question of the disclosure of the informer's identity, allowing Hosey to explore the relevant issue of the informer's reliability as it related to probable cause for the automobile search. Accordingly, we vacate the district court's order denying Hosey's motion to suppress. The suppression issue must be reconsidered with proper application by the district court of the provisions of I.R.E. 509. The case is remanded.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.