COMMONWEALTH *vs.* FELICIA CHOICE. No. 98-P-232. June 28, 1999. *Identification. Evidence,* Informer. *Practice, Criminal,* Disclosure of identity of informer.

Felicia Choice was found guilty by a jury of selling crack cocaine in a school zone.[1] Two Boston police officers testified at her trial that while working under cover and in plain clothes in Boston's downtown theater district, they bought crack cocaine from the defendant after having been directed to her by a "Hispanic gentleman." In cross-examination, the defense inquired about the name of the Hispanic gentleman. The question was excluded, we think mistakenly, and we reverse the judgment, substantially on the authority of *Commonwealth* v. *Healis*, 31 Mass. App. Ct. 527, 530-532 (1991).

The trial was short and to the point. There was evidence that Officer Steven Green was working in the area together with Sergeant Steven Meade and a third officer. Green inquired of a Hispanic gentleman about where he might buy drugs. The Hispanic gentleman led Green toward the intersection of

[1]More specifically, Choice was guilty on four indictments: (i) distribution of cocaine (G. L. c. 94C, § 32A[c]); (ii) possession of cocaine with intent to distribute it (G. L. c. 94C, § 32A[c]); (iii) and as to each of those offenses, committing it within 1,000 feet of a school zone (G. L. c. 94C, § 32J).

Tremont Street and Stuart Street. "I'll hook you up down at Christy's," the Hispanic gentleman said to Green. There the Hispanic gentleman and Green encountered Marvin Young, of whom the Hispanic gentleman requested "a twenty." Green handed Young a marked folded twenty dollar bill that Young in turn handed to the defendant. She disgorged a small package of crack cocaine from her mouth that passed to Young and then to Officer Green. When arrested, the defendant still had inventory of cocaine in her mouth and the marked twenty dollar bill on her person. The Hispanic gentleman melted into the crowd.

Green did not know the Hispanic gentleman. Sergeant Meade, the only other witness at the trial, did know him, a fact which surfaced during Meade's cross-examination. Asked the Hispanic gentleman's name, Meade said, "Do I have to answer that, your Honor?" The trial judge called for a voir dire. Meade told the judge that the Hispanic gentleman was not an informant, that the police had not used him before or since the case involving the defendant, and that he, Meade, did not know if the Hispanic gentleman was still around in the Tremont Street/Stuart Street area. Meade explained that he was reluctant to give the man's name because he was "always . . . hesitant in releasing the name of somebody who cooperated with the police and assisted us in an investigation." It is not apparent from the record that the Hispanic gentleman was aware he was cooperating with police. Defense counsel, whose trial strategy consisted of questioning the credibility of the police officers, said he very much wanted to know about the mysterious gentleman about whom he had not heard before the trial.[2] With emphasis on Meade's testimony that the Hispanic gentleman was *not* someone that the police used as an informant on a regular basis, defense counsel pressed for the Hispanic gentleman's name. The court said, "I'll deny the request."

*Discussion.* The Commonwealth taxes defense counsel with failure to object to the judge's adverse ruling. Defense counsel had pressed the question about the Hispanic gentleman's name and for an answer. In the face of the judge's adverse ruling, it was not necessary, to preserve the point for appeal, to intone a ritualistic objection. *Commonwealth* v. *Grenier*, 415 Mass. 680, 686 n.8 (1993). The matter had been adequately called to the trial judge's attention.

In many circumstances, the government may withhold the identity of an informant. *Commonwealth* v. *Douzanis*, 384 Mass. 434, 441 (1981). That privilege encourages citizens to tell police about violations of law and assists the police in obtaining evidence of criminal activity. *Ibid.* See *Commonwealth* v. *Ennis*, 1 Mass. App. Ct. 499, 501 (1973); *Commonwealth* v. *Healis*, 31 Mass. App. Ct. at 530. The privilege, however, is not absolute. *Rovario* v. *United States*, 353 U.S. 53, 59-60 (1957). The competing interests are the public interest in the flow of information to the police and the fair and full cross-examination of witnesses to the crime alleged. *Commonwealth* v. *Lugo*, 406 Mass. 565, 571-573 (1990). The pressure and reason for disclosure is greater at trial, when guilt or innocence is the issue, than at pretrial suppression motions, when probable cause is more likely the issue. *Id.* at 571. Whether the identity of the informant or government participant is material or likely to

---

[2]The Commonwealth did not gainsay defense counsel's claim that the first mention of the Hispanic gentleman was at trial.

be helpful to the defense is a particularly important factor in the equation. *Ibid. Commonwealth* v. *Hernandez*, 421 Mass. 272, 276 (1995). *Commonwealth* v. *Healis*, 31 Mass. App. Ct. at 530. There is stronger reason to disclose the identity of someone who, the authorities claim, has participated in the crime. *Commonwealth* v. *Swenson*, 368 Mass. 268, 277 (1975). *Commonwealth* v. *Lugo*, *supra* at 572.

When the basis of the defense is an attack on the credibility of the police, the defense has a particularly plausible basis for questioning an unnamed participant. *Commonwealth* v. *Healis*, *supra* at 530-531. As in the *Healis* case, the question put by the defense to the jury was: were the police to be believed. It is not necessary that the defense be able to show exactly how the identity of the Hispanic gentleman might have helped the defense cause. *Id.* at 531. It was sufficient in this case that the Hispanic gentleman, whom the police did not regard as a confidential informant, was placed by the prosecution in a central role in the case. As such, he was also central to the defense. Sergeant Meade should have been required to disclose the Hispanic gentleman's name and, if Meade knew, where the Hispanic gentleman might be found.

*Judgments reversed.*
*Verdicts set aside.*

*Michael P. Doolin* for the defendant.

*Stephen D. Fuller*, Assistant District Attorney, for the Commonwealth.