# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1407

_____

Tyrone Barnes,                 \*

                          \*

         Appellant,       \*

                          \*    Appeal from the United States

     v.                     \*    District Court for the

                          \*    Eastern District of Missouri.

David Dormire,            \*

                          \*

         Appellee.        \*

_____

Submitted: February 14, 2001

Filed: May 31, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

WOLLMAN, Chief Judge.

Tyrone Barnes appeals from the district court's[1] denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

## I.

Barnes was charged in June of 1991 with four counts of selling a controlled substance. He filed a pretrial motion for the disclosure of the identity of the confidential informant who had facilitated the sales of crack cocaine to two undercover detectives that led to the drug charges. In support of the motion, Barnes argued that he sought the identity of the confidential informant in order to contact him in support of Barnes's mistaken identity defense. In response to the motion, the State reported that the informant was unavailable, having left the area after receiving threats from unidentified individuals. The trial court denied the motion. At trial, Barnes highlighted inconsistencies in the two detectives' identifications of him and presented the testimony of various witnesses who described Barnes's personal appearance during the relevant time, as well as his own testimony that a cousin had used Barnes's name when selling drugs.

In December of 1991, Barnes was convicted by a Missouri jury on all four counts and was subsequently sentenced as a prior offender to four consecutive fifteen-year terms of imprisonment. Thereafter, the Missouri Court of Appeals issued an unpublished memorandum affirming Barnes's consolidated appeals from his conviction and from the denial of his motion for post-conviction relief.

Barnes's petition for writ of habeas corpus alleged that the denial of the motion for disclosure denied him the right to a fair trial. Following the district court's denial of the petition, we granted a certificate of appealability on the question whether the trial court erred in denying the motion to disclose the identity of the informant.

## II.

A federal court may issue a writ of habeas corpus under section 2254 only if the state court's adjudication of the claim "resulted in a decision that was contrary to, or

involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . resulted in a decision that was based on an unreasonable determination of the facts . . . . " 28 U.S.C. § 2254(d). We must affirm unless the state court's application of Supreme Court precedent was "objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000). We may not issue a writ simply because we conclude that the state court decision constituted an erroneous or incorrect application of the law. Id. at 411.

Citing state cases that relied upon and engaged in the analysis outlined by Roviaro v. United States, 353 U.S. 53 (1957), and its progeny, see, e.g., State v. Hall, 761 S.W.2d 691, 693-94 (Mo. Ct. App. 1988); State v. Yates, 442 S.W.2d 21, 25-26 (Mo. 1969), the Missouri Court of Appeals concluded that the state trial court did not abuse its discretion in determining that the nondisclosure did not deny Barnes a fair trial.

In Roviaro, the Supreme Court considered the claims of a defendant who had repeatedly requested the identity of an informant who had taken a material part in the drug transaction for which the defendant was convicted and whose identity the government had refused to disclose. Roviaro, 353 U.S. at 55. The Court noted that the government is privileged to withhold the identity of informants to further and protect the public interest in effective law enforcement. Id. at 59. This privilege is not without its limits, however, for "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. Because "no fixed rule with respect to disclosure is justifiable," the decision to order disclosure varies with the particular circumstances of each case. Id. at 62.

A defendant bears the burden of demonstrating that the disclosure of an informant's identity "is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial." United States v. Gonzalez-Rodriguez, 239

F.3d 948, 951 (8th Cir. 2001); United States v. Harrington, 951 F.2d 876, 878 (8th Cir. 1991) ("Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.") (alteration and citation omitted).  The trial court should weigh all relevant factors, including the crime charged, potential defenses, and the possible significance of the informant's testimony.  United States v. Fairchild, 122 F.3d 605, 609 (8th Cir. 1997).  Once a defendant shows that an informant is a material witness, the government has a duty to make every reasonable effort to make that informant available to the defendant to interview or use as a witness.  United States v. Padilla, 869 F.2d 372, 376 (8th Cir. 1989).

The Missouri Court of Appeals examined and balanced a number of factors, including the State's need to protect the informant, whose life had been threatened and who was unavailable to either party; the informant's possible testimony regarding Barnes's mistaken identity defense, which was undercut by his sister's testimony that his cousin did not look like Barnes; the informant's role as an arranger who was uninvolved in the actual transactions; and the testimony and in-court identifications of the detectives who were involved in the drug transactions.  After weighing these factors, the court concluded that the disclosure of the informant's identity was immaterial and unnecessary.

Barnes argues that the identity of the informant was highly material to his defense because the two detectives' descriptions of the seller as they remembered him during the sales did not match Barnes's actual physical characteristics and were thus inconsistent with the detectives' in-court identifications of Barnes as the seller.  Barnes also contends that he had an alibi for at least one of the transactions and recounts his trial testimony that his cousin had used his name when conducting drug transactions.  Barnes asserts that the informant was therefore a crucial witness who could either support or refute what Barnes characterizes as the detectives' shaky identification.

Although the confidential informant was present during several of the transactions, he acted only as a facilitator, introducing the detectives to Barnes, and did not handle any of the money or drugs or become involved in the negotiations. Unlike the situation in Devose v. Norris, 53 F.3d 201, 206 (8th Cir. 1995), in which the officer's testimony regarding his identification of the defendant was "'fraught with inconsistencies,'" both detectives identified Barnes as the seller, outlined the transactions in detail, and described how they had spent a significant amount of time during the transactions in good light observing Barnes at close range. Barnes's defense had already been seriously damaged by his sister's testimony that he and his drug-selling cousin were not similar in appearance. Accordingly, we cannot say that the state court's determination that the nondisclosure of the informant's identity did not deny Barnes a fair trial was objectively unreasonable, and thus the district court did not err in denying the petition.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.