163 P.3d 233

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Martin R. FARLOW, Defendant–Appellant.**

**No. 32012.**

Court of Appeals of Idaho.

May 24, 2007.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Daniel W. Bower, Deputy Attorney General, Boise, for respondent.

PERRY, Chief Judge.

Martin R. Farlow appeals from his judgment of conviction for four counts of delivery of a controlled substance and two counts of possession of a controlled substance. Specifically, Farlow asserts the district court erred in failing to conduct an in-camera examination to determine if a confidential informant had relevant and useful information. For the reasons set forth below, we affirm Farlow's judgment of conviction but remand his case for further proceeedings.

## I.

## FACTS AND PROCEDURE

An undercover police agent conducted several controlled methamphetamine purchases from B.W. who, at the time, was living with Farlow. Initially, the purchase of methamphetamine by the agent was facilitated by a confidential informant (C.I.) who introduced the agent to B.W. and was present during the first purchase. The C.I. accompanied the agent on a second meeting with B.W., but was not present for the actual purchase of methamphetamine. Thereafter, the agent contacted and purchased drugs directly from B.W. without the C.I.'s involvement.

Eventually, the agent arranged a controlled purchase directly with Farlow. However, before the purchase from Farlow was made, the police obtained a search warrant for his residence and vehicles. The search yielded methamphetamine, cocaine, marijuana, and drug paraphernalia. Farlow and B.W. were arrested. Farlow was charged with four counts of delivery of a controlled substance, I.C. § 37–2732(a)(1)(A), and two counts of possession of a controlled substance, I.C. § 37–2732(c). B.W. was similarly charged and pled guilty. Pursuant to B.W.'s plea agreement, she agreed to testify that Farlow was providing her with drugs to sell. B.W.'s testimony supported the state's

case against Farlow on the four delivery charges.

Prior to trial, Farlow moved the district court to compel the state to disclose the identity of the C.I. who had introduced the agent to B.W. Farlow's motion argued the C.I. may be able to give testimony relevant to B.W.'s history of illegal drug activities prior to becoming involved with Farlow. In response, the state moved for an order protecting the identity of the C.I. The district court denied Farlow's motion and granted the protection order. At the conclusion of trial, a jury found Farlow guilty of all counts. The district court imposed concurrent unified terms of ten years, with minimum periods of confinement of two years, for the four counts of delivery of a controlled substance and concurrent unified terms of seven years, with minimum periods of incarceration of two years, for the two counts of possession of a controlled substance. Farlow appeals.

## II.

## ANALYSIS

On appeal, Farlow asserts the district court erred in failing to hold an in-camera proceeding to determine whether the C.I. could provide relevant testimony that would require disclosure of the C.I.'s identity. Farlow also contends an in-camera review was required by the United States Constitution and the comparable protections of the Idaho Constitution.

■ Idaho Criminal Rule 16(f)(2) requires the disclosure of a confidential informant's identity if the informant will be a witness at any proceeding or upon order of the court. Idaho Rule of Evidence 509 provides the state with a qualified privilege to refuse to disclose the identity of a confidential informant who is not providing testimony. *See State v. Wilson,* 142 Idaho 431, 434, 128 P.3d 968, 971 (Ct.App.2006). The nondisclosure policy embodied in I.R.E. 509 exists to preserve anonymity and encourage citizens to communicate their knowledge of criminal activities. *State v. Hosey,* 132 Idaho 117, 119, 968 P.2d 212, 214 (1998); *Wilson,* 142 Idaho

at 434, 128 P.3d at 971. However, the state's interest in keeping a confidential informant's identity secret must give way if the informant possesses information that is relevant and helpful to the accused. *Hosey*, 132 Idaho at 119, 968 P.2d at 214; *Wilson*, 142 Idaho at 434, 128 P.3d at 971. When a defendant seeks the identity of an informant by asserting the informant possesses relevant and helpful evidence, and the state invokes its qualified privilege in response, the rights of the parties and the procedures to be followed are provided in I.R.E. 509(c)(3), in pertinent part:

> If it appears in the case that an informer may be able to give testimony relevant to any issue in a criminal case or to a fair determination of a material issue on the merits in a civil case to which a public entity is a party, and the informed public entity invokes the privilege, the court shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony ... If the court finds there is a reasonable probability that the informer can give the testimony, and the public entity elects not to disclose the informer's identity, in criminal cases the court on motion of the defendant or on its own motion shall grant appropriate relief ...

■ The decision to hold an in-camera examination to determine if the informant can provide such testimony is left to the discretion of the district court. *Hosey*, 132 Idaho at 119, 968 P.2d at 214. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

■ Under I.R.E. 509(c)(3), the defendant must initially make a threshold showing that the informant may be able to give testi-mony relevant to any issue. *Wilson*, 142 Idaho at 435, 128 P.3d at 972. Idaho Rule of Evidence 509(c)(3) then requires a trial court to conduct an in-camera examination if it appears that the informant is able to give testimony relevant to any issue. *Wilson*, 142 Idaho at 435, 128 P.3d at 972. In order to remain consistent with the applicable legal standards of I.R.E. 509(c)(3), once the trial court has concluded the defendant meets the initial threshold showing, it must then conduct the in-camera examination. *See id.* Therefore, when reviewing a trial court's discretionary decision to conduct, or not conduct, an in-camera examination, we consider the boundaries of the district court's discretion to be limited to determining if the defendant meets the initial threshold showing. Once the in-camera examination has been conducted, the decision to disclose the identity of the confidential informant is also committed to the discretion of the trial court. *Hosey*, 132 Idaho at 119, 968 P.2d at 214; *Wilson*, 142 Idaho at 435, 128 P.3d at 972.

■ We note also that conducting an in-camera examination is preferred as it provides an opportunity for the state to show that the informant's knowledge is not of such relevance that disclosure should be ordered. *Wilson*, 142 Idaho at 435, 128 P.3d at 972. As the Idaho Supreme Court explained in *Hosey*, which we reiterated in *Wilson*, it is desirable and proper to hold such a hearing before ordering or denying disclosure. *Hosey*, 132 Idaho at 119, 968 P.2d at 214; *Wilson*, 142 Idaho at 435, 128 P.3d at 972. Therefore, the threshold requirement is low and a defendant need only make a showing that the C.I. *may* be able to give testimony relevant to *any* issue. *See* I.R.E. 509(c)(3); *Wilson* 142 Idaho at 435, 128 P.3d at 972.

In *Wilson*, a confidential informant was the only individual who received methamphetamine from the defendant during a controlled transaction covertly monitored by the police. None of the police officers monitoring the transaction could actually identify the defendant as they could not clearly see the individual the informant was dealing with. The defendant was charged with delivery of a controlled substance. The trial court denied the defendant's motion to disclose the identi-

ty of the informant pursuant to I.R.E. 509(c)(3). At trial, the state relied almost entirely on the testimony of police officers. On appeal this Court determined that the informant had potentially highly-relevant information as the informant was the only one who could confirm whether it was the defendant who delivered the methamphetamine. Therefore, we concluded that the district court erred in not conducting an in-camera examination to determine if the informant could provide relevant helpful testimony. *Wilson,* 142 Idaho at 437, 128 P.3d at 974.

Here, the argument put before the district court suggested that the C.I., through her pre-existing relationship with B.W., might have knowledge that someone other than Farlow was supplying B.W. with drugs. The district court agreed that the C.I. may be able to provide relevant testimony. However, the district court went on to conclude that, based upon the record, it was not adequately demonstrated that testimony given by the C.I. would ultimately be either admissible or relevant at trial.

■ The record indicates that the C.I. had a prior relationship with B.W., which included purchasing drugs from B.W. prior to her involvement with Farlow. The agent relied on the C.I. to contact B.W. and arrange a drug purchase. Finally, the C.I. was present at the first controlled drug purchase between B.W. and the police agent. The C.I. was the only individual who was in a position to potentially provide any outside information on the veracity of B.W.'s testimony that Farlow was supplying her with drugs to sell to the agent. If the C.I. could provide testimony impeaching B.W.'s testimony on that issue, it would be relevant to Farlow's defense in regard to the delivery of controlled substances charges. Therefore, as the district court initially recognized, Farlow met his burden to show that the C.I. may be able to give relevant testimony.

■ Idaho Rule of Evidence 509(c)(3) does not require that a defendant demonstrate that an informant can give testimony that would be admissible evidence at trial or even demonstrate beyond doubt that the informant's testimony would be relevant. *See Wilson,* 142 Idaho at 435, 128 P.3d at 972.

The defendant need only demonstrate the informant *may* be able to provide relevant testimony. *See id.* Indeed, one of the purposes of conducting the in-camera examination is to determine if the informant can actually provide relevant, material testimony that would be admissible at trial. *See id.* at 437, 128 P.3d at 974. Farlow met his initial burden and, therefore, the district court erred when it failed to follow the in-camera procedure required by I.R.E. 509(c)(3) after concluding the information the C.I. possessed was not "totally irrelevant."

■ The state also argues that Farlow is not entitled to an in-camera hearing unless he can demonstrate the information the C.I. has is relevant and material, such that it is sufficiently helpful to the defense that it could affect the outcome of the proceeding. The state has based its assertions on an incorrect reading of our opinion in *Wilson.* In *Wilson,* we concluded that nondisclosure was permitted if the in-camera examination established that the informant could give no material evidence favorable to the accused. *Wilson,* 142 Idaho at 437, 128 P.3d at 974. Thus, determining whether an informant could provide material evidence is accomplished through the trial court's in-camera examination, not prior to it. *Id.* Contrary to the state's assertions, our decision in *Wilson* does not require the defendant demonstrate that the informant could provide material evidence in order to meet the threshold showing justifying the in-camera examination.

■ We conclude that the district court was obligated to conduct an in-camera review pursuant to I.R.E. 509(c)(3). However, the court's failure to do so does not necessarily require a new trial for Farlow. A new trial would be warranted only if the district court's error deprived Farlow of material evidence that would have aided his defense. Whether that occurred is a question that cannot be answered on the record before us. Therefore, rather than vacating Farlow's judgment of conviction, we will remand this matter for the district court to conduct a Rule 509(c)(3) in-camera review. If the district court thereupon determines that the

informant can provide material evidence for the defense, it must order that the informant's identity be disclosed and grant Farlow a new trial. In that event, if the state nevertheless elects not to disclose the informant's identity, the district court must grant appropriate relief as set forth in I.R.E. 509(c)(3). Because we now conclude that the I.R.E. 509(c)(3) issue is dispositive on appeal, we need not consider Farlow's constitutional issues.

## III.

## CONCLUSION

The district court correctly found that the facts presented to it demonstrated that the C.I. could possibly give testimony relevant to an issue at trial. The district court erred, however, in not holding an in-camera review to determine if the C.I. could give relevant, material and favorable defense testimony. Accordingly, Farlow's judgment of conviction is affirmed, but we remand this matter for further proceedings consistent with this opinion.

Judge LANSING and Judge GUTIERREZ, concur.