11 P.3d 1101

STATE of Idaho, Plaintiff–Respondent,

v.

Michael E. HOSEY, Defendant–Appellant.

No. 25243.

Supreme Court of Idaho,
Boise, May 2000, Term.

Sept. 21, 2000.

Rehearing Denied Oct. 23, 2000.

884

Edwin Wagner, Idaho Falls, argued for appellant.

Hon. Alan G. Lance, Attorney General, Boise, for respondent. Deputy Attorney General Kenneth K. Jorgensen argued.

TROUT, Chief Justice.

Michael E. Hosey appeals from the denial of his motions to withdraw his guilty plea, to participate in the Idaho Rule of Evidence (I.R.E.) 509 hearing, to obtain a transcript of the I.R.E. 509 hearing, and to suppress evidence. On appeal, Hosey argues the trial court erred in refusing to allow Hosey to withdraw his conditional guilty plea because Hosey "prevailed" on the prior appeal. Hosey also argues the trial judge should have allowed Hosey (through counsel) to participate in the I.R.E. 509 hearing, or, alternatively, have provided Hosey with a redacted transcript of the hearing. Finally, Hosey argues the trial judge erred in affirming the denial of Hosey's original motion to suppress.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In *State v. Hosey*, 132 Idaho 117, 968 P.2d 212 (1998) (*Hosey I*), we summarized the factual and procedural background of this case as follows:

On July 12, 1995, a confidential informer informed the Bonneville County Sheriff's Office that two vehicles were returning from the Jackson Hole, Wyoming area with a "load of methamphetamine." The informer stated one of the vehicles would be a white Mercury Cougar with Idaho license plate number 8/B 65765, which would be driven by Michael Hosey, accompanied by a female passenger.

Thereafter, sheriff's deputies spotted Hosey with a female companion in a white

Mercury Cougar, with the described license plate, on Highway 26, west of Swan Valley, Idaho. After following Hosey for several miles, Deputy Southwick stopped Hosey for erratic driving when Hosey was observed crossing the centerline of the highway on three separate occasions. Following the traffic stop, Hosey and his passenger were removed from the vehicle and placed in handcuffs. Sergeant McCandless asked Hosey for consent to search the vehicle but Hosey refused to consent to the search. Hosey submitted to a horizontal gaze nystagmus test, which he passed, and he and his companion were placed in the back of the patrol unit.

The officers then proceeded to search Hosey's vehicle beginning in the passenger compartment and then proceeding to the trunk. During the search, the officers found 74.6 grams of methamphetamine, 15.1 grams of marijuana, 5.6 grams of hallucinogenic mushroom, and a variety of drug paraphernalia. Hosey was charged with trafficking in methamphetamine, in violation of Idaho Code § 37–2732(a)(3)(A).

Hosey filed a motion to suppress the evidence, which was denied by the district court after an evidentiary hearing. The district court determined the officers had probable cause to stop the vehicle based on the information provided by the confidential informant, as well as the officer's observation that Hosey was driving erratically. The district judge then held the officers were justified in removing the occupants from the vehicle, and in conducting a search of the passenger compartment of the vehicle. Finally, the district judge determined that once the initial search was conducted and contraband was found, the officers had probable cause to search the entire vehicle, including the trunk where the methamphetamine was eventually discovered. Following the denial of his motion to suppress, Hosey entered a conditional plea of guilty to the trafficking charge, reserving his right to challenge, on appeal, the district court's suppression ruling.

*Id.* at 117–18, 968 P.2d at 212–13.

On appeal, this Court set aside the order denying the motion to suppress. We held the trial judge erred in failing to conduct an *in camera* I.R.E. 509 hearing concerning the credibility and veracity of the confidential informant. Because we found the trial judge should have held the I.R.E. 509 hearing, we vacated the order and held the "suppression issue must be reconsidered with proper application by the district court of the provisions of I.R.E. 509." *Id.* at 120, 968 P.2d at 215. We then remanded the case for further proceedings.

On remand, Hosey filed motions to withdraw his guilty plea, for leave to amend his motion to suppress, and for reconsideration of the motion to suppress. On November 4, 1998, the district judge held the I.R.E. 509 hearing. The judge received evidence *in camera* and determined the State's claim of privilege applied, and therefore the State was not required to divulge the identity of the informant. Following the I.R.E. 509 hearing, the district judge then denied Hosey's motion to withdraw his guilty plea and reaffirmed the denial of Hosey's motion to suppress. Hosey then filed a motion to obtain a redacted transcript of the I.R.E. 509 hearing. The district judge denied this motion, determining the transcript would reveal the identity of the informer from context alone. This appeal then followed.

## II.

### DISCUSSION

On appeal, Hosey states the issues as: (1) whether the trial court erred in refusing to allow Hosey to withdraw his guilty plea; (2) whether the trial court erred in refusing to allow Hosey (through counsel) to participate in the I.R.E. 509 hearing; (3) whether the trial court erred in refusing to provide Hosey with a redacted transcript of the I.R.E. 509 hearing; and (4) whether the trial court's affirmation of the earlier denial of Hosey's motion to suppress was a denial of due process. We will address each issue in turn.

**A. The trial judge did not err in refusing to allow Hosey to withdraw his guilty plea.**

*1. Standard of Review*

The question of whether Hosey should have been allowed to withdraw his

plea requires this Court to interpret the plea agreement between Hosey and the State. A plea agreement is contractual in nature and must be measured by contract law standards. *See, e.g., United States v. Sutton,* 794 F.2d 1415, 1423 (9th Cir.1986); *State v. Claxton,* 128 Idaho 782, 785, 918 P.2d 1227, 1230 (Ct. App.1996). The interpretation of a contract's meaning and legal effect are questions of law to be decided by the Court if the terms of the contract are clear and unambiguous. *State v. Barnett,* 133 Idaho 231, 234, 985 P.2d 111, 114 (1999). The meaning of an unambiguous contract must be determined from the plain meaning of the contract's own words. *Id.* Where a contract is determined to be ambiguous, interpretation of the contract is a question of fact that focuses on the intent of the parties. *Id.* Whether the facts establish a violation of the contract is a question of law over which this Court exercises free review. *Id.*

### 2. *Analysis*

Before moving to the substantive discussion, the State argues the trial judge lacked jurisdiction to even consider Hosey's motion to withdraw his guilty plea because such action would be outside the scope of action directed by this Court's opinion in *Hosey I.* The State argues because the remand in this case was for the limited purpose of receiving *in camera* evidence related to the informer privilege and reconsideration of the motion to suppress in light of that evidence, the trial judge lacked jurisdiction to do anything else on remand. The general rule is that, on remand, a trial court has authority to take actions it is specifically directed to take, or those which are subsidiary to the actions directed by the appellate court. *Walters v. Industrial Indem. Co.,* 130 Idaho 836, 838, 949 P.2d 223, 225 (1997). In this case, we believe the issue of the effect of our opinion in *Hosey I* on the terms of the plea agreement was within the trial court's jurisdiction on remand. There is no question that had we reversed the denial of the motion to suppress, yet remained silent about the withdrawal of the plea, the trial court would have had jurisdiction to allow Hosey to withdraw the guilty plea, if such an action complied with the terms of the plea agreement,

because the withdrawal of the plea would clearly be a subsidiary action to the Court's reversal of the denial of the motion to suppress. This case is no different. Hosey's motion to withdraw his plea was within the trial court's jurisdiction on remand because ruling on the effect of an appellate court's decision under the terms of a plea agreement is necessarily subsidiary to any other directive on remand where a defendant has entered a conditional guilty plea. This is not a case where Hosey's motion to withdraw his plea was based on some other alleged defect in the plea unrelated to our opinion. Rather, this motion was simply an attempt by Hosey to enforce the terms of the plea agreement. Thus, we hold the trial judge had jurisdiction to consider this motion.

Having determined the trial court had jurisdiction to consider the motion, the next question is whether our opinion in *Hosey I* was sufficient, under the terms of the plea agreement, to allow Hosey to withdraw his plea. According to the plea agreement, Hosey agreed to plead guilty to the charge of Trafficking in Methamphetamine conditioned on the right to appeal the trial court's order denying his motion to suppress. The plea agreement specifically states: "[s]hould the court be reversed on appeal, the Defendant shall retain his right to withdraw his guilty plea pursuant to I.C.R. 11(a)(2)." Idaho Criminal Rule 11(a)(2) states:

> Conditional Pleas. With the approval of the court and the consent of the prosecuting attorney, a defendant may enter a conditional plea of guilty reserving in writing the right, on appeal from the judgment, to review any specified adverse ruling. If the defendant prevails on appeal, the defendant shall be allowed to withdraw defendant's plea.

Idaho Criminal Rule 11(a)(2). Hosey argues the language of the Rule controls and he should be allowed to withdraw his plea because he prevailed on appeal. In contrast, the State argues the language of the plea agreement controls, and Hosey cannot withdraw his plea because the Court vacated, rather than reversed, the decision denying the motion to suppress.

There are no cases in Idaho directly addressing this question; however, as stated in the standard of review, we have previously held the interpretation of a plea agreement is based on the language of the agreement itself. This supports the State's position that the language of the agreement controls the issue. Additionally, it is appropriate to focus on the language of each agreement, rather than the language of the Rule, because each conditional plea agreement will necessarily be tailored to the specific facts of that case. Idaho Criminal Rule 11 provides the authority for conditional plea agreements and the right of a defendant to withdraw a plea if the defendant prevails. The actual plea agreement provides the specifics of the contract, and the conditions under which the defendant will be found to have prevailed. Thus, under the clear terms of his plea agreement, Hosey cannot withdraw his plea unless the decision denying his motion to suppress is reversed.

Hosey argues our decision in *Hosey I* was an effective reversal of the trial judge's decision denying Hosey's motion to suppress because we did not affirm the denial. This argument is not supported by the language of our decision. In *Hosey I*, we clearly stated the decision was vacated and the trial court was directed to hold an I.R.E. 509 hearing and then reconsider the motion to suppress in light of the evidence produced at that hearing. We did not reverse the decision of the trial judge because we never reached the merits of the lower court's decision. Instead, we vacated the decision based on the failure of the district court to follow the proper procedure. On remand, the trial judge held the required hearing, determined the identity of the confidential informant need not be revealed, and reaffirmed the earlier order denying the motion to suppress. Consequently, the order denying the motion to suppress was not reversed and the trial judge correctly determined Hosey was not allowed to withdraw his guilty plea at that stage.

**B.  The trial judge did not err in refusing to allow Hosey (through counsel) to participate in the I.R.E. 509 hearing.**

Hosey argues the trial judge erred in refusing to allow Hosey's counsel to participate

in the I.R.E. 509 hearing because such participation was implicitly required by our decision in *Hosey I*. According to Hosey, our statement in *Hosey I* that "the district court should have held an *in camera* hearing on the question of the disclosure of the informer's identity, allowing Hosey to explore the relevant issue of the informer's reliability as it related to probable cause for the automobile search" effectively required the trial judge to allow Hosey's counsel to participate in the hearing. *Hosey I*, 132 Idaho at 120, 968 P.2d at 215. Thus, Hosey argues the trial judge should have followed the procedure used in *State v. Kopsa*, 126 Idaho 512, 887 P.2d 57 (Ct.App.1994), and allowed Hosey's counsel to submit questions to the judge to be asked during the *in camera* hearing, and should have allowed Hosey's counsel to listen to the proceedings from an adjoining room. Hosey argues without these accommodations, he was prevented from exploring the issue of the confidential informant's reliability in relation to the existence of probable cause to stop Hosey's vehicle.

Idaho Rule of Evidence 509(c)(3) provides that where the State invokes the informer privilege the court shall give the State an opportunity to show *in camera* facts relevant to determining whether the informer can supply testimony relevant to any issue in the case. Rule 509 also provides

> [t]he showing will ordinarily be in the form of affidavits, but the court may direct that testimony be taken if it finds that the matter cannot be resolved satisfactorily upon affidavit.... All counsel and parties are permitted to be present at every stage of proceedings under this subdivision except a showing in camera at which no counsel or party shall be permitted to be present.

Clearly, the text of I.R.E. 509 does not provide Hosey with any right to participate in the *in camera* proceedings. Additionally, the fact I.R.E. 509 allows a procedure involving only the use of affidavits suggests the Rule does not normally contemplate even limited involvement of a defendant's counsel. While the trial judge in *Kopsa* did allow the

defendant's counsel to participate in the *in camera* hearing by submitting questions and listening from another room, there is nothing in the Rule, or the *Kopsa* case itself, to suggest such a procedure is necessarily required. Rather, in *Kopsa*, the Court of Appeals simply determined Kopsa had failed to demonstrate any error in the trial judge's procedure or decision in the I.R.E. 509 hearing below.

Hosey argues even if such a procedure is not necessarily required, it was still necessary in this case in order for Hosey to test the credibility of the informant. Hosey argues he could not effectively challenge the credibility of the informant unless his counsel was allowed to participate in the I.R.E. 509 hearing, at least to the extent of submitting questions to be asked of witnesses. Hosey's argument misinterprets the purpose behind the *in camera* proceeding required by I.R.E. 509. The purpose of the proceeding is not to challenge the informant's credibility, but rather to determine whether the informer can provide testimony relevant to any issue in the criminal proceeding, in this case the existence of probable cause to stop the vehicle. While the credibility of the informant may be relevant to such a determination, it is only a component of the hearing, not the purpose. Pursuant to the instructions given by this Court in *Hosey I,* the trial judge held an I.R.E. 509 hearing, received affidavits and testimony, and determined the informant could not provide any testimony relevant to the suppression issue. Specifically, in his Order of November 5, 1998, the trial judge found:

1. The confidential informant would not have been and will not be called as a witness at trial;

2. The informant was not involved as a participant in the crime charged in this case nor in any crime relevant thereto;

3. The information supplied to law enforcement by the confidential informant merely confirmed to law enforcement the defendant's knowledge and possession of controlled substances on July 12, 1995, which may have been utilized by the officers to assert proba-ble cause to stop and search the vehicle driven by defendant on that date;

4. The officers' reliance upon the truthfulness, reliability, and accuracy of the informant was warranted, due to the officers' prior experience with the informant;

5. The informant had no prior contact with law enforcement officers which was directly or indirectly related to, nor did any such precipitate any contacts between defendant and law enforcement prior to July 12, 1995;

6. There is nothing in the information supplied by the confidential informant which would provide or lead to the discovery or presentation of exculpatory evidence beneficial to defendant at trial.

Thus, it is apparent the trial judge addressed the issues of the credibility and reliability of the confidential informant in the *in camera* hearing and determined disclosure of the informant's identity was not necessary because the informant could provide no relevant testimony on the issue of probable cause. Although Hosey makes general allegations the trial judge did not inquire into this area enough, the specific findings made by the trial judge demonstrate the judge was satisfied the officers were entitled to rely on the veracity of the informant, and disclosure of the confidential informant would serve little or no purpose in this case. Hosey also failed to request the sealed record and transcript from the I.R.E. 509 hearing be made part of the record in this appeal. Consequently, the record of that hearing is unavailable to this Court and it is therefore impossible for this Court to determine the extent to which the trial judge inquired into the credibility of the confidential informant. It is the appellant's responsibility to provide an adequate record on appeal, and this Court does not presume error on appeal. *See, e.g., State v. Lewis,* 126 Idaho 77, 81, 878 P.2d 776, 780 (1994). Thus, Hosey has failed to demonstrate participation by his counsel in the I.R.E. 509 hearing was either required or necessary, and we therefore affirm the decision of the trial court in this matter.

**C.  The trial judge did not err in refusing to provide Hosey with a redacted copy of the transcript from the I.R.E. 509 hearing.**

▮  Next, Hosey argues even if he was properly denied the right to participate in the I.R.E. 509 hearing, he still should have been provided with a redacted transcript of the hearing in order to determine whether the trial judge adequately inquired into the issue of the confidential informant's credibility.  The trial judge denied Hosey's motion for a redacted transcript on the grounds the identity of the informant could be ascertained simply from the context of the events discussed during the hearing.  The trial judge believed simply removing the confidential informant's name from the transcript would not adequately protect the informant's identity.  Having already ordered the informant's identity not be disclosed, it would make little sense to then allow Hosey a copy of the transcript from which he could discern the identity of the informant.  Hosey's argument that the trial judge failed to adequately inquire into the credibility of the informant is also directly contradicted by the specific findings of the trial judge in the order denying disclosure under I.R.E. 509.  Therefore, Hosey has not demonstrated an abuse of discretion by the trial judge in denying Hosey's request for a redacted transcript of the I.R.E. 509 hearing, and we affirm the trial judge's denial of that request.

**D.  The trial court's affirmation of the earlier denial of Hosey's motion to suppress did not deny Hosey due process of law.**

Hosey argues the trial judge violated Hosey's right to due process because he refused to allow Hosey to amend his motion to suppress to include allegations concerning mishandling of evidence prior to affirming the original denial of the motion to suppress.  The allegations concerning the mishandling of evidence were originally brought up at the preliminary hearing but were not addressed in the original suppression motion.  Hosey now argues the trial judge should have allowed him to amend the suppression motion on remand because the issue involves a fundamental right.

▮  The State argues the trial judge properly denied the motion to amend the suppression motion because the trial judge lacked jurisdiction to consider that motion on remand.  However, there is no need to address the question of jurisdiction because Hosey did not properly preserve this issue in his conditional guilty plea.  Ordinarily, "a plea of guilty, if voluntarily and knowingly made, is conclusive as to the defendant's guilt and waives all non-jurisdictional defects in prior proceedings against the defendant." *State v. Green,* 130 Idaho 503, 505, 943 P.2d 929, 931 (1997).  A defendant may preserve such defects or issues by entering a conditional guilty plea pursuant to I.C.R. 11(a)(2). *Id.* In this case, Hosey entered a conditional guilty plea, expressly reserving the right to appeal the denial of his motion to suppress.  The only issue contested in the motion to suppress concerned the constitutionality of the stop and search of the vehicle.  The issue of the alleged mishandling of the evidence was never raised in the suppression motion or the suppression hearing.  Thus, even if the issue could be phrased as an additional reason to grant the motion to suppress, the issue was clearly not preserved for appeal.  Therefore, we affirm the trial judge's denial of Hosey's motion to amend the suppression motion.

**E.  Hosey did not properly raise the issue of the denial of his motion to suppress on this appeal.**

▮  In the "Statement of Facts" portion of his brief in this appeal, Hosey states he is incorporating by reference all facts and arguments raised in the brief in the first appeal.  Nowhere in his brief on this appeal does Hosey restate the issues, or explicitly incorporate the issues from the first appeal into this appeal.  Additionally, as discussed above, Hosey has failed to appeal the actual denial of his motion to suppress, and instead appealed only the issues relating to the I.R.E. 509 hearing, and the denial of the motion to amend the suppression motion.  Idaho Appellate Rule 35(a)(4) requires the brief on appeal include a statement of issues

presented for review by this Court. We have previously held a failure to designate an issue on appeal will eliminate that issue from consideration. *See, e.g., Jensen v. Doherty,* 101 Idaho 910, 911, 623 P.2d 1287, 1288 (1981). Although we have also held this rule may be relaxed where argument has been provided on the issue, the only argument provided by Hosey on the issue of the denial of his motion to suppress is also contained in his brief in the first appeal and has not been changed to reflect the trial judge's actions on remand. Thus, Hosey has failed to properly appeal the denial of his motion to suppress in this appeal, and we affirm the trial court's decision denying the motion to suppress.

### III.

### CONCLUSION

For the foregoing reasons, we affirm the order of the district judge denying Hosey's motion to withdraw his guilty plea, to participate in the I.R.E. 509 hearing, to obtain a redacted transcript of the I.R.E. 509 hearing, and to amend the motion to suppress. We also affirm the district judge's affirmation of the original denial of the motion to suppress.

Justices SILAK, SCHROEDER, WALTERS and KIDWELL concur.