106 P.3d 449

**Kenneth DENGLER and Sheila Dengler–Shaw, husband and wife, Plaintiffs–Appellants,**

v.

**The HAZEL BLESSINGER FAMILY TRUST, and Thomas D. Blessinger and Carol Lee Blessinger, Trustees of the Hazel Blessinger Family Trust, Defendants–Respondents.**

No. 30247.

Supreme Court of Idaho, Boise, November 2004 Term.

Jan. 28, 2005.

Law Office of John B. Todd, Boise, for appellant. John B. Todd argued.

Ringert, Clark Chtd., Boise, for respondents. Jennifer R. Mahoney argued.

KIDWELL, Justice Pro Tem.

This is an action seeking damages for breach of a contract for the sale of land. As part of the sale, the seller was to obtain and convey an easement for access to the landlocked parcel of property. The district court concluded this term was a condition precedent to the seller's obligation to convey the property and failure of the condition excused the seller's performance; therefore, the seller did not breach the contract. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The Hazel Blessinger Family Trust (the Trust) was the owner of real property located in the Boise foothills, near Collister Drive. In October 2000, Hazel Blessinger (Hazel) was the trustee of the Trust. She entered into a sale agreement with Kenneth Dengler and Sheila Dengler–Shaw (the Denglers) for the sale of this property. The Denglers were to deposit $20,000 in earnest money, pay $180,000 at closing and obtain $800,000 in new loan proceeds. As a term of the contract, the Trust was to obtain and convey an easement for access to the landlocked property. Two paragraphs of the contract addressed this term. Paragraph 7 states:

INCLUDED IN THIS SALE: Easement from Collister @ acceptable terms from Ramon Jorgensen (Capital Development)

& landowner from either sec. 17 or 21 ... to be transferred with deed.

Paragraph 29 states:

SPECIAL CONSIDERATIONS AND CONTINGENCIES: This agreement is made subject to the following special considerations and/or contingencies which must be satisfied before closing: Easement from Collister with reasonable terms being accepted by Jorgensen and other land owners.

Pursuant to the agreement, Thomas Blessinger (Thomas), son of Hazel, began negotiating with Mr. Bob Donnelly to obtain an easement that would allow access to Collister Drive. Mr. Donnelly refused to grant an easement. Because the easement could not be obtained, the Trust and the Denglers engaged in further negotiations. These negotiations never resulted in an agreement to sell the property.

In March 2002, Thomas became a co-trustee of the Trust and, believing that the sale agreement with the Denglers was no longer an issue, sold the real property to the City of Boise. In April 2002, the Denglers filed a complaint asserting that an enforceable sale agreement still existed between the Trust and themselves. However, the complaint was not served within the requisite six months following filing and the district court dismissed the complaint in February 2003.

The Denglers filed a new complaint. The Denglers' first claim was for breach of contract and sought specific performance of the sales agreement, alleging the Trust breached the agreement by selling the property to the City of Boise. The second claim sought a declaration of the rights, duties and obligations under the sales agreement. The third claim asserted ratification of any agreements made between the Denglers and Thomas, prior to Thomas becoming a trustee of the Trust. The fourth claim was for misrepresentation/fraud, asserted against Thomas in his dealings with the Denglers. The Trust filed an answer and asserted several defenses. Primarily, the Trust asserted that the failure of a condition precedent did not result in breach of the contract, and the fraud claim was not stated with particularity, as required by I.R.C.P. 9(b).

The Trust filed a motion for summary judgment, asserting that the material facts were not in dispute and the Trust was entitled to judgment as a matter of law. Both parties filed memoranda and affidavits in support of their respective positions. The Trust argued that the agreement terminated because of the failure of a condition precedent—acquisition of the easement—through no fault of the Trust. In the alternative, the Trust argued: 1) performance was excused by the impossibility of obtaining the easement; 2) the agreement did not contain a set closing date and did not close within a reasonable amount of time; and 3) the Denglers failed to apply for a loan and provide a loan commitment letter to the Trust within thirty days of execution of the agreement, pursuant to the express terms of the agreement. Additionally, the Trust argued that the fraud claim was insufficient under I.R.C.P. 12(b)(6) and 9(b), not having been pled with particularity, and should be dismissed.

The Denglers argued: 1) impossibility was not a defense because acquisition of the easement was not a condition precedent of the sale, but an express term; 2) the agreement allowed for closing within fifteen days of final approval by planning and zoning, which had not occurred yet; and 3) their claims were properly pled under the Idaho Rules of Civil Procedure. Additionally, the Denglers sought leave to amend their complaint to seek damages for breach of contract, rather than specific performance of the contract.

Following a hearing, the district court granted summary judgment to the Trust. The district court concluded that the ratification claim was not necessary to formation of a contract binding against the Trust, and that the fraud claim was not pled with particularity, as required by I.R.C.P. 9(b). The district court considered the claim for specific performance waived by the Denglers. The remaining issues were the action for a declaratory judgment and breach of contract damages. The district court appears to have assumed that the "window" for closing to occur was still open and that the Denglers met the requirements of applying for a loan and providing a loan commitment letter, both

of which are assumptions in favor of the Denglers. The district court focused on acquisition of the easement, assuming that acquisition of the easement was sufficiently within the control of the Trust such that the Trust could be held to have impliedly promised that it would obtain the easement. Under that assumption, the district court concluded that there was no genuine issue of material fact indicating that the Trust did not make reasonable efforts to secure the easement, failure of the condition excused the Trust's duty of performance and the Trust was entitled to judgment as a matter of law. The Denglers timely appeal.

## II.

## STANDARD OF REVIEW

■ Summary judgment is proper when 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In a motion for summary judgment, this Court should liberally construe all facts in favor of the nonmoving party and draw all reasonable inferences from the facts in favor of the nonmoving party. Summary judgment must be denied if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented.

*Iron Eagle Dev't, L.L.C. v. Quality Design Sys., Inc.,* 138 Idaho 487, 491, 65 P.3d 509, 513 (2003) (citations omitted); *see also Willie v. Bd. of Trustees,* 138 Idaho 131, 133, 59 P.3d 302, 304 (2002).

The Court's standard of review for an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6) is the same as the summary judgment standard of review. After viewing all facts and inferences from the record in favor of the non-moving party, the Court will ask whether a claim for relief has been stated. "The issue is not whether the plaintiff will ultimately prevail, but whether the party is 'entitled to offer evidence to support the claims.' "

*BHA Investments, Inc. v. State,* 138 Idaho 348, 350, 63 P.3d 474, 476 (2003).

## III.

## ANALYSIS

**A. The District Court Did Not Err In Dismissing The Fraud Claim Because The Claim Was Not Pled With Particularity, As Required By Idaho Rule Of Civil Procedure 9(b).**

■ The standard for reviewing a dismissal under I.R.C.P. 12(b)(6) is the same as the standard for review of summary judgment. *Ostrander v. Farm Bureau Mut. Ins. Co. of Idaho, Inc.,* 123 Idaho 650, 652, 851 P.2d 946, 948 (1993) (citing *Tomchak v. Walker,* 108 Idaho 446, 447, 700 P.2d 68, 69 (1985)). When this Court considers the question of whether a claim for relief has been stated, the record must be considered in a light most favorable to the non-moving party. *Id.* (citing *Miles v. Idaho Power Co.,* 116 Idaho 635, 637, 778 P.2d 757, 759 (1989)). Fraud claims must be pled with particularity. I.R.C.P. 9(b); *see also Estes v. Barry,* 132 Idaho 82, 86, 967 P.2d 284, 288 (1998); *G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 518, 808 P.2d 851, 855 (1991); *Witt v. Jones,* 111 Idaho 165, 168, 722 P.2d 474, 477 (1986). The *prima facie* case of fraud consists of: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent and proximate injury. *Samuel v. Hepworth, Nungester & Lezamiz, Inc.,* 134 Idaho 84, 89, 996 P.2d 303, 308 (2000).

■ The district court interpreted the complaint to offer only "utterly general averments" directed at fraud. The Denglers assert that paragraphs 1–18 and 27–46 meet the requirements of particularity. Paragraphs 1-6 concern the parties, jurisdiction and venue, and do not support a fraud claim. Paragraphs 7–12 are general allegations that do not support a fraud claim. Paragraphs 13–18 concern the breach of contract claim. These paragraphs do not address representations, falsity, materiality, intent, reliance or injury based on representations. Paragraphs 27–35 concern the abandoned ratification claim and are addressed to the Denglers'

belief that Thomas Blessinger was a trustee of the Trust prior to his assumption of that position. The paragraphs are addressed at a claim that the actual trustee ratified the actions of Thomas, making the agreement enforceable against the Trust. The Denglers never asserted that the agreement was not enforceable, and the actual trustee of the Trust was the party who signed the agreement. The paragraphs do not address falsity of any representations, only a lack of authority. The paragraphs do not allege an injury based on the agreement not being enforceable for a lack of authority to contract. Paragraphs 36–46 are general averments concerning the *prima facie* case of fraud.

The complaint fails to allege anything other than the elements of the prima facie case of fraud. Liberally construing all facts in favor of the Denglers and drawing all reasonable inferences in their favor, the complaint fails to state with particularity a claim based on fraud. This is insufficient under the mandate of I.R.C.P. 9(b) and the district court did not err in dismissing the claim under I.R.C.P. 12(b)(6).

**B. The Contract Is Unambiguous And Acquisition Of The Easement Was A Condition Precedent To The Trust's Duty To Convey The Property.**

The Denglers argue that acquisition of the easement was an implied promise made by the agents of the Trust and the failure of the Trust to acquire the easement constitutes a breach of the contract. The Trust argues that acquisition of the easement was a condition precedent to the Trust having a duty to convey the real property and easement; failure of the condition resulted in the Trust having no duty to convey the property.

When the terms of a contract are unambiguous, interpretation of the contract and its legal effect are questions of law. *Opportunity, L.L.C. v. Ossewarde*, 136 Idaho 602, 605, 38 P.3d 1258, 1261 (2002) (citing *Idaho v. Hosey*, 134 Idaho 883, 886, 11 P.3d 1101, 1104 (2000)). An unambiguous contract will be given its plain meaning, which is based on the words of the contract. *Id.*

A condition precedent is an event not certain to occur, but which must occur, before performance under a contract becomes due. *Steiner v. Ziegler Tamura Ltd., Co.*, 138 Idaho 238, 242, 61 P.3d 595, 599 (2002) (citing *World Wide Lease, Inc. v. Woodworth*, 111 Idaho 880, 887, 728 P.2d 769, 776 (Ct.App.1986)). A condition precedent may be expressed in the parties' agreement. *Id.* When there is a failure of a condition precedent through no fault of the parties, no liability or duty to perform arises under the contract. *Id.* Where a party is the cause of the failure of a condition precedent, he cannot take advantage of the failure. *Fish v. Fleishman*, 87 Idaho 126, 133, 391 P.2d 344, 348 (1964) (citing 3A CORBIN ON CONTRACTS, § 767 (1960) ("One who unjustly prevents the performance or the happening of a condition of his own promissory duty thereby eliminates it as such a condition. He will not be permitted to take advantage of his own wrong, and to escape from liability for not rendering his promised performance by preventing the happening of the condition on which it was promised.")). Where a party has control over the happening of a condition precedent he must make a reasonable effort to cause the condition to happen. *Schlueter v. Nelson*, 74 Idaho 396, 399, 263 P.2d 386, 387 (1953); *see also Wade Baker & Sons Farms v. Corp. of Presiding Bishop of Church of Jesus Christ of Latter–Day Saints*, 136 Idaho 922, 42 P.3d 715 (Ct.App. 2002).

Paragraph 29 of the contract unambiguously labels acquisition of the easement as a "contingency" of the transaction. A "contingency" is an "event that may or may not occur." BLACK'S LAW DICTIONARY 315 (7th ed.1999). We see no difference under these circumstances between a contingency and a condition precedent. The contract is unambiguous and the term is a condition precedent to the Trust's duty to convey the property.

In this case, the contingency required the Trust to acquire the easement for access to the landlocked parcel of property. If this condition failed to occur through no fault of the parties, then the Trust's duty to convey the real estate never arose under the contract. However, for the purpose of summary judgment, the district court assumed this condition was largely within the control of the Trust, requiring a reasonable effort on

the part of the trust. The district court then concluded that the only evidence in the record showed that the Trust engaged in more than reasonable effort. We agree with this conclusion, although it is arguable whether or not acquisition of the easement was "largely" within the control of the Trust. Such assumption appears to ignore that the neighboring landowner was a necessary party to any deal transferring an easement for access.

Thomas Blessinger, an agent of the Trust and an eventual trustee, stated in his affidavit that he engaged in negotiations with Mr. Donnelly for acquisition of the easement. The negotiations failed to result in any agreement. In his deposition, Thomas states that Mr. Donnelly was not receptive to granting an easement. Mr. Donnelly pastured some horses on the property and he was not interested in having a residential development there. In fact, Mr. Donnelly would have preferred to sell his entire 40–acre parcel, rather than grant an easement. When Thomas attempted a purchase of the whole parcel, Mr. Donnelly refused. The record in this case shows that the Trust engaged in reasonable efforts to secure an easement for access to the property.

The Denglers challenge this conclusion by asserting that they, not the Trust, made further efforts to acquire either the property or an easement. Those efforts were also without result. This does not serve to dispute the district court's conclusion, but merely shows that neither the granting of an easement nor the conveyance of the Donnelly property was going to occur. Additionally, at oral argument the Denglers asserted that the Trust should have attempted to condemn property in order to obtain access. This claim also fails. Foremost, pursuant to Idaho Code the only relevant use of condemnation relates to "Byroads, leading from highways to residences and farms." I.C. § 7–701(5). The property at issue here was neither a residence nor a farm. Additionally, we see nothing "reasonable" about this method. Condemnation has been called an "extraordinary" power. *Strong v. Western Union Telegraph Co.*, 18 Idaho 389, 402, 109 P. 910, 914–15 (1910). An action for an involuntary condemnation of part of Mr. Donnelly's property would quite possibly have been a protracted, hostile affair. The contract called for "reasonable" terms governing the easement, and condemnation cannot be said to be reasonable here.

## IV.

### CONCLUSION

Based on the foregoing, we affirm the district court's Judgment dismissing the fraud complaint and granting summary judgment to the Trust. Costs are awarded to the Trust pursuant to I.A.R. 40. The Trust has asked for an award of attorney fees pursuant to I.R.C.P. 54(e)(1), allowing an award of attorney fees where provided for by contract, and paragraph 14 of the contract states that the prevailing party is entitled to attorney fees on appeal. In the alternative, the Trust has asked for fees pursuant to I.C. § 12–120(3), which allows an award of fees for an action grounded in a commercial transaction. Both support an award of fees, and it is so ordered.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK concur.