# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43668

| | |
|---|---|
| CRAIG WATSON,<br><br>        Plaintiff-Appellant,<br><br>and<br><br>SERENA LOU WATSON,<br><br>        Plaintiff,<br><br>v.<br><br>BANK OF AMERICA, N.A. successor by merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP; GREEN TREE SERVICING, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION (FANNIE MAE); MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; GREENPOINT MORTGAGE FUNDING, INC.; RECONTRUST COMPANY; NORTH IDAHO TITLE, NORTHWEST TRUSTEE SERVICES, INC., and DOES 1-5 inclusive, as it concerns that certain real property described as: Lot 9 Block 2, River Ridge Terrace, According to the Plat Recorded in Book "F" of Plats at Page 93, Records of Kootenai County, Idaho,<br><br>        Defendants-Respondents. | 2016 Unpublished Opinion No. 687<br><br>Filed: September 15, 2016<br><br>Stephen W. Kenyon, Clerk<br><br>THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Lansing L. Haynes, District Judge.

Judgment dismissing amended complaint, affirmed.

Craig Watson, Coeur d'Alene, pro se appellant.

Givens Pursley, LLP; Amber N. Dina, Boise, for respondents (Bank of America, N.A.; ReconTrust Company, N.A., and GreenPoint Mortgage Funding, Inc.).

Sussman Shank, LLP; Michael G. Halligan, Portland, Oregon, for respondents (Green Tree Servicing, LLC; Federal National Mortgage Association, and Mortgage Electronic Registration Systems, Inc.).

Routh Crabtree Olsen, PS; Lewis N. Stoddard, Boise, for respondent (Northwest Trustee Services, Inc.).

---

GRATTON, Judge

Craig Watson appeals from the district court's judgment dismissing his amended complaint. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2005, Craig and Serena Lou Watson (the Watsons) obtained a mortgage loan to purchase real property. GreenPoint Mortgage Funding, Inc. was the lender; North Idaho Title was the trustee; and Mortgage Electronic Registration Systems (MERS) was the nominee for the lender. The Watsons stopped making payments in 2008. ReconTrust Company sent the Watsons a notice of default. The Watsons applied for and received a loan modification from Bank of America, N.A. (BOA) in 2010. ReconTrust rescinded the notice of default, and MERS transferred its interest in the property to BOA. Eventually, the Watsons stopped making payments to BOA. In 2013, BOA transferred its interest in the property to Green Tree Servicing, LLC (Green Tree). Green Tree appointed Northwest Trustee Services, Inc. (NTS) as successor trustee. NTS sent the Watsons a notice of default and initiated the foreclosure process on behalf of Green Tree.

In 2014, the Watsons filed the complaint in this action, asserting a variety of issues with their loan and seeking to stay or avoid the pending foreclosure sale of the property. The Watsons amended their complaint, and BOA, GreenPoint, and ReconTrust moved for judicial notice of documents referenced in the Watsons' amended complaint and filed in the Watsons' bankruptcy proceedings. Asserting res judicata precluded the Watsons' claims and the Watsons' amended complaint failed to state a claim upon which relief could be granted, BOA, GreenPoint, and ReconTrust also moved to dismiss the amended complaint. The Watsons responded, arguing their amended complaint stated a claim upon which relief could be granted and that BOA,

2

GreenPoint, and ReconTrust prematurely moved to dismiss the action. The Watsons' counsel withdrew, and the Watsons proceeded pro se. The court granted the motion for judicial notice and the motion to dismiss. The court found that res judicata precluded any claims that arose prior to the filing of the Watsons' bankruptcy petition and the amended complaint failed to state a claim upon which relief could be granted. Craig Watson (Craig) timely appeals.[1]

## II.

## ANALYSIS

Craig asserts the district court applied the wrong legal standard to the motion to dismiss after taking judicial notice of documents outside the pleadings and erred in holding the amended complaint failed to state a claim and res judicata precluded his claims.[2] Craig and NTS seek attorney fees on appeal.

### A.      Judicial Notice

Craig alleges the district court applied the wrong legal standard when considering the defendants' Idaho Rule of Civil Procedure 12(b)(6) motion to dismiss. Specifically, Craig asserts the district court failed to convert the defendants' I.R.C.P. 12(b)(6) motion into an I.R.C.P. 56 motion for summary judgment after taking judicial notice of documents outside the pleadings.

Idaho Rule of Civil Procedure 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Thus, in making a decision on an I.R.C.P. 12(b)(6) motion to dismiss, a court may not take judicial notice of proceedings in other cases. *Taylor v. McNichols*, 149 Idaho 826, 833, 243 P.3d 642, 649 (2010). However, a court may, pursuant to an I.R.C.P. 12(b)(6) motion to dismiss, take judicial notice of documents incorporated into the pleadings by reference. *See id.*; *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007). This Court disregards errors that do not affect a party's substantial rights. I.R.C.P. 61.

---

[1]      Serena Watson did not participate on appeal.

[2]      Craig also complains that the district court incorrectly stated the Watsons did not object to BOA, GreenPoint, and ReconTrust's motion to dismiss. Although the court initially stated that the Watsons did not object to the motion to dismiss, the record shows that the court ultimately acknowledged the Watsons' response to the motion to dismiss but found that it did not explain how their amended complaint satisfied pleading standards.

3

In this case, the district court took judicial notice of documents referenced in the Watsons' amended complaint and filed in the Watsons' bankruptcy proceedings. Although the district court took judicial notice of the Watsons' bankruptcy documents in deciding the motion to dismiss, the court only considered the bankruptcy documents for the limited purpose of deciding whether res judicata precluded any claims that arose prior to the filing of the Watsons' bankruptcy petition. The court did not consider the bankruptcy documents in deciding the I.R.C.P. 12(b)(6) aspects of the motion to dismiss. Thus, the court's decision to take judicial notice of the bankruptcy documents did not affect its conclusion that the Watsons' amended complaint failed to state a claim under I.R.C.P. 12(b)(6). Accordingly, the court did not err in taking judicial notice of the bankruptcy documents. Moreover, any potential error the court committed in taking judicial notice of the bankruptcy documents would be harmless. This Court applies free review to orders granting motions to dismiss pursuant to I.R.C.P. 12(b)(6). *Taylor*, 149 Idaho at 836, 243 P.3d at 652. Thus, we will consider whether the Watsons' amended complaint failed to state a claim without regard for the bankruptcy documents. Accordingly, any potential error the court committed in taking judicial notice of the bankruptcy documents would not affect Craig's substantial rights and therefore, would be harmless.

## B. Idaho Rule of Civil Procedure 12(b)(6)

Craig asserts the district court erred in holding the amended complaint failed to state a claim upon which relief could be granted. Specifically, Craig asserts the amended complaint stated a claim regarding the defendants'[3] breach of the loan modification agreement, standing to initiate foreclosure, breach of the implied covenant of good faith and fair dealing, and fraudulent statements regarding the Watsons' loan modification.[4]

---

[3] Bank of America, N.A.; Green Tree Servicing, LLC; Federal National Mortgage Association; Mortgage Electronic Registration Systems, Inc.; GreenPoint Mortgage Funding, Inc.; ReconTrust Company; North Idaho Title; Northwest Trustee Services, Inc.; and Does 1-5.

[4] On appeal, Craig argues the defendants violated the Truth in Lending Act and the Real Estate Settlement Procedures Act. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). The Watsons' did not allege that the defendants violated the Truth in Lending Act or Real Estate Settlement Procedures Act in their amended complaint. Thus, we will not consider these arguments for the first time on appeal.

In their amended complaint, the Watsons asserted that the defendants were unjustly enriched and violated Idaho Code §§ 9-503-05, 45-1505-06, and 28-41-101. A party waives an

4

As an appellate court, we will affirm a trial court's grant of an I.R.C.P. 12(b)(6) motion where the record demonstrates that there are no genuine issues of material fact and the case can be decided as a matter of law. *Coghlan v. Beta Theta Pi Fraternity*, 133 Idaho 388, 398, 987 P.2d 300, 310 (1999). When reviewing an order of the district court dismissing a case pursuant to I.R.C.P. 12(b)(6), the nonmoving party is entitled to have all inferences from the record and pleadings viewed in its favor, and only then may the question be asked whether a claim for relief has been stated. *Coghlan*, 133 Idaho at 398, 987 P.2d at 310. The issue is not whether the plaintiff will ultimately prevail, but whether the party is entitled to offer evidence to support the claims. *Orthman v. Idaho Power Co.*, 126 Idaho 960, 962, 895 P.2d 561, 563 (1995). "The key to a valid pleading is that it must put the other party on notice of the claims against it." *Mortensen v. Stewart Title Guar. Co.*, 149 Idaho 437, 443, 235 P.3d 387, 393 (2010) (citing *Youngblood v. Higbee*, 145 Idaho 665, 668, 182 P.3d 1199, 1202 (2008)).

### 1. Breach of contract

The Watsons' amended complaint asserts the defendants breached the loan modification agreement by failing to provide the Watsons with a signed copy of the loan modification agreement and credit them for payments they made on the loan. To state a breach of contract claim capable of surviving an I.R.C.P. 12(b)(6) motion to dismiss, the Watsons were required to allege a contract between themselves and the defendants existed and that, while obligated thereby, the defendants engaged in conduct that violated that contract. *Indep. Sch. Dist. of Boise City v. Harris Family Ltd. P'ship*, 150 Idaho 583, 588, 249 P.3d 382, 387 (2011). The defendants do not dispute that the loan modification agreement was a contract between the parties. Therefore, we consider whether the defendants engaged in conduct that violated that contract.

As already discussed, "the only facts which a court may properly consider" for purposes of deciding an I.R.C.P. 12(b)(6) motion to dismiss "are those appearing in the complaint, supplemented by such facts as the court may properly judicially notice." *Taylor*, 149 Idaho at

---

issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). On appeal, Craig does not assert the district court erred in holding the Watsons' amended complaint failed to state a claim regarding the defendants' alleged unjust enrichment and violation of I.C. §§ 9-503-05, 45-1505-06, and 28-41-101. Accordingly, Craig has waived consideration of whether the district court erred in so holding.

833, 243 P.3d at 649 (2010). The district court properly noticed the loan modification agreement as a document referenced in the Watsons' amended complaint. Thus, we may consider it for purposes of deciding the I.R.C.P. 12(b)(6) aspects of the motion to dismiss. The loan modification agreement does not contain a term requiring the defendants to provide the Watsons with a signed copy of the loan modification agreement. Therefore, the Watsons' amended complaint could not show the defendants breached the loan modification agreement by failing to provide the Watsons with a signed copy of that agreement. Accordingly, the amended complaint did not state a breach of contract claim regarding the defendants' failure to provide them with a signed copy of the loan modification agreement.

Similarly, the amended complaint did not state a breach of contract claim regarding the defendants' alleged failure to credit the Watsons for payments they made on their loan. In their amended complaint, the Watsons only asserted the loan payment history "did not credit them for the payments they were making." The amended complaint did not assert information, such as the amount or date of the allegedly uncredited payments, necessary for the defendants to respond. Thus, the amended complaint failed to allege facts sufficient to put the defendants on notice of the Watsons' breach of contract claim regarding the allegedly uncredited payments.

Further, on appeal, Craig asserts the defendants "did not credit [the Watsons'] payment of $907.16, that was due on 08/01/2010, as paid, the same day it was received by [the defendants], which was on 06/10/2010." The district court properly noticed the Watsons' loan payment history as a document referenced in their amended complaint. Thus, we may consider it for purposes of deciding the I.R.C.P. 12(b)(6) aspects of the motion to dismiss. The Watsons' loan payment history shows a payment of $907.16 credited on June 10, 2010.[5] The district court did not err in granting dismissal of the breach of contract claim.

### 2. Implied covenant of good faith and fair dealing

The Watsons' amended complaint asserts, "[A]s a result of [the defendants'] conduct in not performing their duties and obligations required by the modification agreement in good faith

---

[5] In the reply brief, Craig adds a contention that a September 2010 payment was also not credited. We will not consider that claim. We note Craig states that they quit making payments on the loan because of the asserted failure to credit the August and September payments. Craig makes no claim regarding how an alleged failure to credit a month's payment operates to allow them to cease making payments or how such a claim would prevent foreclosure. The foreclosure and sale of the property would render a failure to credit one month meaningless.

6

and fair dealing, [the Watsons] have suffered damages in an amount to be proven at trial in this matter." A violation of the implied covenant of good faith and fair dealing occurs only when either party violates, nullifies, or significantly impairs any benefit of a contract. *Bushi v. Sage Health Care*, PLLC, 146 Idaho 764, 768, 203 P.3d 694, 698 (2009). As previously discussed, the Watsons' amended complaint failed to state a breach of contract claim upon which relief could be granted. Accordingly, the amended complaint could not state a claim regarding the defendants' alleged breach of the implied covenant of good faith and fair dealing. Further, a claim for breach of the implied covenant of good faith and fair dealing must directly relate to the breach of a specific contract term. *Id.* The Watsons' amended complaint fails to identify a breach of any specific contract term directly related to their claim for breach of the implied covenant of good faith and fair dealing. Thus, the Watsons' amended complaint did not state a claim regarding the defendants' alleged breach of the implied covenant of good faith and fair dealing.

### 3. Standing

The Watsons' amended complaint asserts the defendants did not have standing to initiate foreclosure under the Idaho Uniform Commercial Code because of a defect in the chain of title. However, the Watsons' amended complaint failed to allege facts sufficient to put the defendants on notice of the Watsons' standing claim. The amended complaint did not allege the nature of defect in the chain of title, how the defect affected the defendants standing to foreclose, or what specific section of the Idaho Uniform Commercial Code the defendants violated.

Moreover, the only requirements a foreclosing party must satisfy before foreclosure are those listed in I.C. §§ 45-1505 and 45-1506. The documents referenced in the Watsons' amended complaint establish that the defendants complied with I.C. §§ 45-1505 and 45-1506 in initiating foreclosure. Idaho Code § 45-1505 allows a trustee to foreclose a trust deed if: "(1) The trust deed, any assignments of the trust deed by the trustee or the beneficiary and any appointment of a successor trustee are recorded[;] . . . (2) There is a default by the grantor[;]" (3) the trustee gives formal notice of the default; and (4) there is no pending action "to recover the debt then remaining secured by the trust deed." Additionally, once the trustee records the notice of default, I.C. § 45-1506 requires the trustee to give formal notice of the trustee's sale to parties specified in the statute. The district court properly noticed several documents referenced in the Watsons' amended complaint. Thus, we may consider them for purposes of deciding the

7

I.R.C.P. 12(b)(6) aspects of the motion to dismiss. These documents establish that the deed of trust, assignment from MERS to BOA, assignment from BOA to Green Tree, and appointment of NTS as successor trustee were all recorded before the scheduled foreclosure sale date. Further, these documents reflect that the Watsons defaulted on their loan, there were no pending actions to recover the remaining balance on the Watsons' loan, and the notice of default and trustee's sale complied with I.C. §§ 45-1505 and 45-1506. Because these are the only requirements the defendants had to meet before initiating foreclosure, *see Trotter v. Bank of New York Mellon*, 152 Idaho 842, 847, 275 P.3d 857, 862 (2012), they could properly initiate foreclosure.

Finally, the Watsons' amended complaint appears to assert that a party must establish its standing to foreclose by proving that it is the current owner of the note and mortgage, an argument that the Idaho Supreme Court squarely rejected in *Trotter*, 152 Idaho at 846-47, 275 P.3d at 861-62. In that case, the Court held that "a trustee may initiate nonjudicial foreclosure proceedings on a deed of trust without first proving ownership of the underlying note or demonstrating that the deed of trust beneficiary has requested or authorized the trustee to initiate those proceedings." *Id.* at 847, 275 P.3d at 862. Accordingly, NTS, as successor trustee, could properly initiate foreclosure proceedings on behalf of Green Tree without first proving ownership of the underlying note or demonstrating that Green Tree requested or authorized NTS to initiate those proceedings.

### 4. Fraud

The Watsons' amended complaint asserts the defendants made false statements regarding the loan modification upon which the Watsons relied to their detriment. To state a fraud claim capable of surviving an I.R.C.P. 12(b)(6) motion to dismiss, a plaintiff must allege: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on the truth; (8) his right to rely thereon; (9) his consequent and proximate injury. *Dengler v. Hazel Blessinger Family Trust*, 141 Idaho 123, 127, 106 P.3d 449, 453 (2005). Further, a plaintiff must plead a fraud claim with particularity. *Id.*

The Watsons' amended complaint does not identify what representations the defendants made that were false or misleading; much less identify any details regarding those representations. The Watsons' amended complaint also fails to allege how the Watsons relied on

8

the defendants' purported misrepresentations and damages as a result of the alleged misrepresentations. Accordingly, the Watsons' amended complaint does not plead their fraud claim with the required particularity.

## C. Res Judicata

Craig asserts the district court erred in holding that res judicata precluded the Watsons' claims. The court dismissed the Watsons' amended complaint on two separate grounds. First, the court dismissed the amended complaint because it failed to state a claim upon which relief could be granted. Second, the court dismissed the amended complaint because res judicata precluded the Watsons' claims. Because we affirm the court's dismissal of the amended complaint for failure to state a claim, we need not decide if the court erred in holding that res judicata precluded the Watsons' claims.

## D. Attorney Fees

Craig seeks attorney fees pursuant to Idaho Appellate Rules 35 and 11.2. Craig is not the prevailing party in this action. Further, this Court has long held that pro se litigants are not entitled to attorney fees. *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009).

NTS seeks attorney fees pursuant to I.C. § 12-121. Because Craig attempted to raise claims regarding the handling and succession of his loan, we cannot say he brought this appeal frivolously, unreasonably, or without foundation. Thus, NTS is not entitled to attorney fees on appeal.

### III.

### CONCLUSION

The district court did not err in taking judicial notice of the Watsons' bankruptcy documents, and the Watsons' amended complaint failed to state a claim upon which relief could be granted. The district court's judgment dismissing Craig's amended complaint is affirmed. No attorney fees are awarded.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.

9