NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 24 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LUIS ORTIZ VEGA, Disabled adult;
L.O.R., minor child; K.O.R., minor child;
E.O.R., minor child; SILVIA ORTIZ,
Guardian; TANYA GREENE, as personal
representative of the Estate of Cole Hatcher
and on behalf of his heirs; C.C.H., minor
child; SALONE PAGE; SHENTASHA
BYBEE,

        Plaintiffs - Appellants,

  v.

GEICO CHOICE INSURANCE
COMPANY,

        Defendant - Appellee,

and

DOES, I to X, Corporations I to X,

        Defendant.

No. 25-668

D.C. No.
1:21-cv-00498-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Argued and Submitted March 5, 2026

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: McKEOWN, PAEZ, and BRESS, Circuit Judges.

Luis Ortiz Vega, et al. ("Plaintiffs"), as assignees of Shentasha Bybee ("Bybee"), appeal the district court's grant of summary judgment in favor of GEICO Choice Insurance Company ("GEICO") on their claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith, as well as the district court's denial of partial summary judgment to Plaintiffs on their bad faith claim. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo a grant of summary judgment. *Suzuki Motor Corp. v. Consumers Union of U.S., Inc.*, 330 F.3d 1110, 1131 (9th Cir. 2003). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.* at 1131–32.

Plaintiffs argue that the district court erred in granting summary judgment because (1) the district court improperly decided an issue of fact—breach of duty—as a matter of law; (2) the district court failed to address the expert opinions provided by Plaintiffs to support their argument that GEICO breached its duties to Bybee; and (3) Plaintiffs' evidence created a genuine issue of material fact as to whether GEICO breached its contractual duties to Bybee under her insurance policy and whether GEICO breached its duty to act in good faith when it failed to

keep Bybee timely informed of settlement negotiations.

1. Under Idaho law, whether undisputed facts establish a violation of an unambiguous insurance policy is a question of law. *See Opportunity, LLC v. Ossewarde*, 38 P.3d 1258, 1261–62 (Idaho 2002) (quoting *Idaho v. Hosey*, 11 P.3d 1101, 1104 (Idaho 2000)). Because the terms of Bybee's insurance policy are unambiguous and the parties do not dispute the key underlying material facts which confirm that GEICO did not violate the relevant provisions, the question before the district court was properly decided as a matter of law.

Plaintiffs alleged that GEICO breached its contractual obligations to Bybee when (1) it "failed to investigate and settle claims" related to the accident under "the terms and conditions of the . . . policy" and (2) it "incompetently negotiated resolution of [the] claims." Bybee's policy states that—for a covered accident—GEICO will "pay damages" Bybee "becomes legally obligated to pay." It also provides that GEICO "may investigate and settle any claim or suit."

A plain language reading of "damages" that Bybee becomes "legally obligated to pay" means money Bybee owes, under force of law, as compensation for covered loss or injury. *See Damages*, *Black's Law Dictionary* (12th ed. 2024); *Legal Obligation*, *Black's Law Dictionary* (12th ed. 2024). Under this plain reading, Bybee was never legally obligated to pay damages during the relevant

period because the parties never reached a valid settlement containing that obligation.

In accordance with its obligations, GEICO from the outset promptly tendered a global settlement for the full limits of Bybee's liability policy. GEICO never sent the checks because Plaintiffs' then-counsel Joe Rockstahl ("Rockstahl") never provided GEICO with the documents legally necessary to pay any of the claims. Critically, Rockstahl never provided a minor compromise order for L.O.R., which is legally required for any settlement involving a child. *See* Idaho Code § 15-5-409(a). Rockstahl also failed to provide releases for almost all the other parties who had claims against Bybee that in total exceeded Bybee's policy limits, a standard condition for GEICO in such circumstances. The district court correctly determined that GEICO could not have sent the checks without breaching its duty to Bybee because it had not received the necessary authorizations and releases. Accordingly, the district court properly concluded that GEICO did not violate its contractual duty to indemnify and settle claims against Bybee where no valid settlement was in place. Plaintiffs do not dispute the plain reading of Bybee's insurance policy nor do they contest the material facts regarding Rockstahl's conduct. The district court properly granted summary judgment to GEICO as to the breach of contract claims.

25-668

**2.** Plaintiffs nonetheless argue that the two expert opinions they presented create a genuine issue of material fact as to whether GEICO breached its duty to act in good faith in attempting to settle Plaintiffs' claims. They further contend that the district court's failure to address the expert opinions either constitutes a failure to consider admissible evidence or an unspoken ruling that they were inadmissible.

The insurance experts' opinions may be admissible, but the district court was under no obligation to substantively address them given that "[e]xpert testimony is not proper for issues of law." *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996). Moreover, "[a]ssertions in expert affidavits do not automatically create a genuine issue of material fact." *Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1440 (9th Cir. 1995).

Here, Plaintiffs' experts do not dispute that Rockstahl failed to provide GEICO with a valid compromise order for L.O.R. and releases such that GEICO could have lawfully or reasonably paid the claims. Accordingly, the district court did not err in declining to address the Plaintiffs' expert opinions where it was not necessary to do so. *See Rebel Oil Co.*, 51 F.3d at 1440 ("'[W]hen indisputable record facts contradict or otherwise render the [expert] opinion unreasonable,' summary judgment is appropriate.") (quoting *Brook Grp. Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 242 (1993)).

25-668

**3.** In addition to the breach of contract claims, "[t]he insurance contract has long been recognized as giving rise to a special relationship between insurer and insured, which requires that the parties deal with each other fairly, honestly, and in good faith." *White v. Unigard Mut. Ins. Co.*, 730 P.2d 1014, 1019 (Idaho 1986) (quotation and citations omitted). A breach of this duty gives rise to the tort of bad faith, a wrong "separate and apart from a breach of contract per se." *Id.* at 1017 (quotation omitted). "An insurer is under a duty to exercise good faith in considering offers to compromise an injured party's claim against the insured for an amount within the insured's policy limits." *Truck Ins. Exchange v. Bishara*, 916 P.2d 1275, 1278 (Idaho 1996). This means that the insurer must give "'equal consideration' to the interests of its insured in deciding whether to accept an offer of settlement." *Id.* at 1279 (quotation omitted).

The most important factor under the equal consideration test in *Bishara*, and the factor Plaintiffs focus on in this appeal, is "whether the insurer has failed to communicate with the insured, including particularly informing the insured of any compromise offers." *Id.* at 1280. Here, Plaintiffs cannot establish that GEICO failed to give equal consideration to Bybee's interests where GEICO (1) promptly offered Bybee's policy limits in exchange for a global resolution; (2) made persistent efforts to communicate that offer and other updates to Bybee and to the individuals she authorized to act on her behalf, despite the challenges presented by

6                                                                                      25-668

her traumatic brain injury and her concurrent incarceration; and (3) pursued settlement and releases of all claims against her. *See id.* Because the record regarding communications between GEICO and Bybee over the relevant period also does not present any genuine issues of material fact, the district court properly granted summary judgment to GEICO on the bad faith claim.

**AFFIRMED.**